IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CASEY JAY BITTON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No.  1:09-cr-0103 CW<br><br>Judge Clark Waddoups |

　　　　　On January 23, 2012, plaintiff Casey Jay Bitton filed a *pro se* Motion to Amend Current Judgement or Apply 5G1.3(c) of U.S.S.G.  Bitton asserts the court ordered that his federal sentence run concurrent with a state sentence to ensure he received credit for the time he spent in federal custody.  Although the court did order that Mr. Bitton's sentence run concurrently, that ruling applied only to an undischarged term of imprisonment.  Mr. Bitton correctly states that under 18 U.S.C. § 3585, the Bureau of Prisons is precluded from applying credit towards a federal sentence if that time was already "credited against another sentence."  In other words, if part of a sentence has already been served, that time cannot be credited against a federal sentence.

　　　　　In this case, because Mr. Bitton was serving another sentence at the time his federal sentence was imposed, the past time spent serving that other sentence cannot be credited.  For any remaining term of imprisonment, however, the court ordered that it run concurrently.  Based on the information before the court, there is no evidence that the Bureau of Prisons has failed to credit time in accordance with the court's order.  While the court recognizes the effort that Mr. Bitton has made

to complete various therapy classes, he does not meet any of the factors for a sentence modification. *See* 18 U.S.C. § 3582(c); *United States v. Lloyd*, 484 F. Supp. 2d 1232, 1241 (S.D. Ala. 2007) (stating that post-sentencing rehabilitation does not fall within 18 U.S.C. § 3582(c) for purposes of reducing a sentence).  The court therefore lacks authority to modify Mr. Bitton's sentence.  *United States v. Smartt*, 120 F.3d 539, 540 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.") Accordingly, Mr. Bitton's motion is DENIED.[1]

SO ORDERED this 19th day of March, 2012.

BY THE COURT:

*[signature]*

Clark Waddoups
United States District Judge

---

[1] Docket No. 36.